REQUESTED BY: Senator Calvin F. Carsten Member of the Legislature State Capitol Lincoln, NE 68509
Dear Senator Carsten:
You have called our attention to the fact that inState ex rel. Douglas v. Herrington, 206 Neb. 516,294 N.W.2d 330 (1980), the court, after ruling that Neb.Rev.Stat. § 77-1350(1) (Supp. 1978) was unconstitutionally vague and uncertain, it said, `It requires little argument to see that § 77-1350(1) is not severable and that the whole act must fail.' You point out that our attack in that action was on §§ 77-1349 to 77-1354, which were passed in 1977 as Sections 1 to 6 of LB 131, but that LB 131 also had Sections 7 and 8, which became §§ 77-1355 and 77-1356. § 77-1355 was repealed in 1979, but § 77-1356 was amended, and now appears as § 77-3431 (Supp. 1980). Your question is whether the language of the court had the effect of invalidating Sections 7 and 8 of LB 131, and whether § 77-3431
is now a valid part of the statutes. You ask this question because, if § 77-3431 is invalid, corrective action may need to be considered by the Legislature.
While you raise a troublesome question, we have concluded that § 77-3431 has not been invalidated. In the first place, we are absolutely confident that if squarely faced with the question the Supreme Court, in spite of the language used, would say that Sections 7 and 8 of LB 131 were clearly severable from Sections 1 to 6. Sections 1 to 6 involved an attempt by the Legislature to force implementation of revaluation plans by the various counties, and to impose sanctions for failure to do so.
Section 7 of the bill imposed a ceiling on budgets of political subdivisions, and Section 8 provided for hearings on proposals to exceed that ceiling. We find almost no connection between the provisions of Sections 1 to 6 and those of Sections 8 to 9, except they all dealt, directly or indirectly, with taxation. They are, in our opinion, clearly severable.
How, then, did the court happen to say what it did? The answer, we believe, lies in the fact that there was no discussion whatever of Sections 7 and 8 of LB 131, and the court may not have been aware of them. In our petition we alleged that the Legislature had passed LB 131 in 1977, and that Sections 1 to 6 of that bill became §§ 77-1349 to77-1354. Our entire attack was directed at those sections. However, references in briefs and oral argument were made to LB 131, and the court may well have thought that the bill contained only those six sections. What the court intended to say, we are sure, is that §§ 77-1349 to 77-1354, i.e., Sections 1 to 6 of LB 131, were not severable, and that all must fall. To go beyond that would have been to go beyond the prayer of the petition.
Furthermore, State ex rel. Douglas v. Herrington, was an appeal from the District Court for Lancaster County. When the Supreme Court reversed the decision of that court, the case was remanded for entry of judgment in conformity with the opinion. The district court, in obedience to that remand, entered an order on July 24, 1980, finding that § 77-1349
to 77-1354 were unconstitutionally vague and uncertain. No appeal, of course, was taken from that order, and, perhaps, that order can be considered to be the final order entered in the case. The district court, at least, did not construe the Supreme Court order as affecting any sections except those mentioned in the petition.
It may, perhaps, be considered presumptuous of us to say that the Supreme Court did not mean precisely what it said, but surely that is the result that the court will come to, if the question is ever presented to it. We therefore conclude that § 77-3431 was not affected by the decision inState ex rel. Douglas v. Herrington.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General